UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                          :

BILLY TWO RIVERS,                             :

                                  :

                    Plaintiff,          :     **COMPLAINT**

                                  :

              -against-              :

                                  :     17 Civ. ___

GEORGE IVAN MORRISON, UNIVERSAL MUSIC   :
GROUP, INC., UMG RECORDINGS, INC.,        :
UNIVERSAL MUSIC CORP., CAROLINE RECORDS, :
LTD., CAROLINE MUSIC, INC.,           :
and EXILE PRODUCTIONS, LTD.,          :

                                  :

                    Defendants.       :

                                  :

-------------------------------------------------------------------- X

       Plaintiff Billy Two Rivers ("Two Rivers" or "Plaintiff"), for his complaint against

Defendants George Ivan Morrison ("Van Morrison"); Universal Music Group, Inc. ("UMG");

UMG Recordings, Inc. ("UMG Recordings"); Universal Music Corp. ("Universal Music");

Caroline Records, Ltd. ("Caroline Records"); Caroline Music, Inc. ("Caroline Music"); Exile

Productions, Ltd. ("Exile Productions", and collectively with Van Morrison, UMG, UMG

Recordings, Universal Music, Caroline Records, and Caroline Music, "Defendants"), alleges as

follows:

## NATURE OF THE ACTION

       1.       This is a civil action for injunctive relief and damages for violation of

Plaintiff's right of publicity, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, common law unfair

competition, and New York General Business Law § 349, *et seq.*

2.      Plaintiff is a famed retired Canadian professional wrestler, who was a leader of the Mohawk nation on the Kahnawake reservation, and who has appeared in ten films and television programs.  Plaintiff's image and likeness is well-known both in this country and abroad.

3.      Defendants, a conglomerate of global music powerhouses consisting of record labels, distributors, and an international pop star, have unlawfully used Plaintiff's image and likeness in connection with the release of a new music album (the "Album") by Defendant George Ivan Morrison, better known as Van Morrison, a highly popular recording artist, producer, and entertainer.  Indeed, Defendants misappropriated a photograph depicting Plaintiff in a professional wrestling match, and have improperly and unlawfully used Plaintiff's image and likeness in connection with the promotion, advertisement, and sale of the Album and related products, resulting in irreparable harm to Plaintiff.  Defendants' wrongful actions are widespread – from the printing of Album covers, to a pervasive Internet campaign, to authorizing news outlets to use the Album cover, to the promotion of an Album tour (the "Unauthorized Products"). Defendants' conduct ignores Plaintiff's right of publicity, violates the Lanham Act, and constitutes unfair competition and deceptive trade practices in accordance with New York General Business Law § 349, *et seq*.  Unless Defendants are enjoined, Plaintiff will continue to suffer irreparable and permanent harm.

**THE PARTIES**

4.      Plaintiff Billy Two Rivers is an individual who resides in the province of Québec, Canada.

5.      On information and belief, Defendant George Ivan Morrison is an individual residing in Belfast, North Ireland.  Defendant Van Morrison transacts substantial business in this judicial district.

6.      On information and belief, Defendant Universal Music Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Santa Monica, California.  On information and belief, UMG is registered to do business in this judicial district, maintains a place of business at 1755 Broadway, New York, New York, and transacts substantial business in this judicial district.

7.      On information and belief, Defendant UMG Recordings, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Santa Monica, California.  On information and belief, UMG Recordings operates as a subsidiary of UMG.  On information and belief, UMG Recordings is registered to do business in this judicial district, maintains a place of business at 1755 Broadway, New York, New York, and transacts substantial business in this judicial district.

8.      On information and belief, Defendant Universal Music Corp. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Santa Monica, California.  On information and belief, Universal Music operates as a subsidiary of UMG.  On information and belief, Universal Music is registered to do business in this judicial district, maintains a place of business at 1755 Broadway, New York, New York, and transacts substantial business in this judicial district.

9.      On information and belief, Caroline Records, Ltd. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Hollywood, California.  On information and belief, Caroline Records transacts substantial business in this judicial district.

10.     On information and belief, Defendant Caroline Music, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business

in Hollywood, California.  On information and belief, Caroline U.S. and Caroline International

operate as labels within Caroline Music.  On information and belief, Caroline Music transacts

substantial business in this judicial district.

11.     On information and belief, defendant Exile Productions, Ltd. is a company

incorporated under the laws of the United Kingdom with a registered office in London, England.

On information and belief, Exile Productions transacts substantial business in this judicial district.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over these claims pursuant to

28 U.S.C. §§ 1331, 1338, and 1367.

13.     This Court has personal jurisdiction over Defendants pursuant to New York

CPLR §§ 301 and 302(a)(1)-(3) because Defendants conduct substantial business within the State

of New York related to the unlawful activities at issue in this Complaint, and because the harm

suffered by Two Rivers within this State flows directly from such business conducted by

defendants.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)

because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in

this District.

## FACTUAL BACKGROUND

### *Two Rivers' Celebrated Professional Wrestling Career*

15.     Plaintiff, Billy Two Rivers, is an internationally-known retired Canadian

professional wrestler.  Plaintiff's wrestling career spanned 24 years, from 1953 until 1977.  During

the course of his career, Plaintiff wrestled in venues around the world, including in the United

States, the United Kingdom, and Japan.

16.     After two years of training with wrestling superstar Don Eagle, Two Rivers made his professional wrestling debut in February of 1953 in Detroit, Michigan.  For the next several years, he competed throughout the United States against wrestlers such as "Wild Bull" Curry and Larry "The Missouri Mauler" Hamilton.

17.     Two Rivers formed a tag team with Don Eagle from 1956 to 1959.  As a team, they faced a wide variety of formidable opponents, including Ray "The Crippler" Stevens, Boris Malenko, and Fritz Von Erich.  In addition to Don Eagle, Two Rivers teamed with other wrestlers, including American wrestler Rolland "Red" Bastien.

18.     On April 6, 1959, Two Rivers and teammate George Becker won the Southern version of the NWA Southern Tag Team Championship by defeating Mexican-American wrestlers Alberto and Enrique Torres.

19.     Later in 1959, Two Rivers began competing in the United Kingdom. Wrestling in England and Scotland, Two Rivers gained increased fame due to his First Nations heritage.  As part of his trademark style, Two Rivers wore a feathered headdress, had a Mohawk hairstyle, and performed a war dance during matches.  As a result of his success in the United Kingdom, fellow Canadian wrestler Paul LeDuc stated that Two Rivers was "treated like a God" and an "international star."

20.     Two Rivers returned to the United States in September 1965.  After partnering with Belgian wrestler Karl Gotch to defeat the Blond Bombers – Rip Hawk and Swede Hanson – Two Rivers left the United States to compete in Japan.

21.     In 1971 and 1972, Two Rivers competed throughout eastern Canada, often as part of a tag team with Johnny War Eagle, as well as with Chief Sunny War Cloud.  The

following year, Two Rivers returned to the United Kingdom, where he wrestled until 1974.  He

wrestled several matches in Germany before returning to Canada.

22.    Competing for the Montreal-based Grand Prix Wrestling (the "GPW"),

Two Rivers held the GPW Tag Team Championship while partnered with Johnny War Eagle in

1974.  For the next years, Two Rivers remained in Canada, facing such wrestlers as Sailor White,

The Sheik, and Kurt Von Hess.  His final title victory came on August 3, 1976, when he defeated

Serge Dumont to win the Canadian International Heavyweight Championship.

23.    Two Rivers retired in 1977 following a storied wrestling career.

### Two Rivers' Fame Following His Professional Wrestling Career

24.    After retiring from wrestling, Two Rivers' focus shifted to the governance

of the Kahnawake reservation, where he served in numerous capacities, including as an elder and

a councilor, a position he held for 20 years.  On the national level, Two Rivers continues to be

recognized as an elder and advisor to the First Nations people.

25.    In 1990, Two Rivers helped lead the Mohawk nation during the Oka Crisis

– a land dispute between the Mohawk people and the town of Oka, Québec, Canada.  The Oka

Crisis began on July 11, 1990, and lasted 78 days until September 26, 1990.  The dispute was the

first well-publicized violent conflict between First Nations and the Canadian government in the

late 20th century.

26.    Additionally, from 1973 to 2015, Two Rivers starred in numerous films and

television programs.  His film credits include *Taking Lives*, *Musketeers Forever*, *Bolt*,

*Pocahontas: The Legend*, and *Black Robe*, as well as the documentary *The Wrestling Queen*.  Two

Rivers has also appeared in a number of television series, including *Mohawk Girls*, *Tales of the*

*Wild,* and *Heritage Minutes*.  Finally, Two Rivers has appeared in the made-for-television movies *Red Earth, White Earth*, and *Northern Passage*.

27.     Two Rivers' name has entered popular culture in many forms.  The British band, The Dogs D'Amour named a song after Two Rivers on its *In the Dynamite Jet Saloon* album in 1988.  And Two Rivers plays a large role in Pulitzer Prize-winner Paul Muldoon's poem, "My Father and I and Billy Two Rivers", which discusses watching Two Rivers in a wrestling match and compares the pre-determined outcome to the Boston Tea Party.  Finally, a British racing horse out of Toronto shares Two Rivers' name and was christened after him, with Two Rivers' consent.

28.     As a result of his stature as an international professional wrestler, leader, and actor, substantial recognition and goodwill are attached to Two Rivers' image and likeness.  Indeed, as a result of his career, Two Rivers' is well-known by audiences.  Two Rivers' image and likeness is a valuable asset, and one which he has carefully and methodically protected from exploitation.

### *Defendants' Wrongful Acts of Misappropriating Two Rivers' Image and Likeness*

29.     On information and belief, Defendants – an alliance of global record labels and music powerhouses – collaborated to create Defendant Van Morrison's 37th studio Album entitled "*Roll With the Punches*."  On information and belief, Defendants plan to release the Album on September 22, 2017.

30.     Defendants have misappropriated Two Rivers' image and likeness by using a photograph of Two Rivers, captured during a professional wrestling match, on the cover of the Album.  Indeed, Two Rivers is featured prominently on the front cover of the Album:



31.     The Album is currently available for pre-order sale via the Van Morrison official website, HMV, Amazon, iTunes, and Google Play.  Select portions of the Album are available for streaming via Spotify, Apple Music, and Deezer.

32.     On information and belief, the Defendants are engaged in a widespread campaign to market, promote, distribute, and sell the Album and Unauthorized Products.  This pervasive marketing campaign violates Two Rivers' rights, and has not been authorized by Two Rivers.

33.     On information and belief, Defendants created and are maintaining a website devoted to the Album's release.  Attached as Exhibit A is a true and correct copy of an excerpt of the Album website available at http://www.vanmorrison.com/splash/.  Two Rivers' image and likeness are the centerpiece of the Album's website, with Two Rivers' image and likeness featured throughout the page, in total five times, including in a video linked to the page.

34.     The video linked to this page is hosted on Vimeo, where it was uploaded by Defendant Exile Productions.  Attached as Exhibit B is a true and correct copy of an excerpt of the Vimeo page available at https://vimeo.com/224944565.  This same video is also available of Vevo.  Attached as Exhibit C is a true and correct copy of an excerpt of the Vevo page available at https://www.vevo.com/watch/van-morrison/bring-it-on-home-to-me-(visualiser)/GBCQT1700016. These videos contain nothing but the Album cover – prominently featuring Two Rivers, with the Van Morrison vocal to the song *Bring It On Home To Me* overlaid.

35. On information and belief, Defendants are promoting the Album on their webpages, including but not limited to Caroline International's website (http://www.carolineinternational.com/2017/07/14/van-morrison-roll-punches/) and Facebook page (https://www.facebook.com/CarolineInternational/).  Attached as Exhibit D are true and correct copies of excerpts of Caroline International's Album promotion page and an excerpt of Caroline International's Facebook page.

36.     The Album is being promoted via Defendant Van Morrison's social media sites, including on Facebook (https://www.facebook.com/vanmorrisonofficial/), on Twitter (https://twitter.com/vanmorrison), and on YouTube (https://www.youtube.com/user/vanmorrisonofficial), where Two Rivers' image and likeness are featured prominently.  Attached as Exhibit E are true and correct copies of excerpts of the Van Morrison Facebook, Twitter, and YouTube pages.

37.     News outlets, including but not limited to Rolling Stone and Spin, have extensively covered the release of the Album.  *See, e.g.*, http://www.rollingstone.com/music/news/van-morrison-announces-new-album-roll-with-the-punches-w491695, http://www.spin.com/2017/07/van-morrison-roll-with-the-punches-sam-cooke-

cover/, http://clashmusic.com/news/van-morrison-announces-new-album-bring-it-on-home-to-me,
http://kixi.com/van-morrison-to-release-roll-with-the-punches-his-second-album-in-less-than-a-
year-in-september/, https://www.relix.com/news/detail/van_morrison_details_new_
album_tour_dates, http://ultimateclassicrock.com/van-morrison-roll-with-the-punches/,
https://www.bluesmagazine.nl/van-morrison-roll-with-the-punches/.  These articles feature
pictures of the Album cover, exploiting Two Rivers' image and likeness.  On information and
belief, many of these news outlets are further promoting the album via social media outlets, such
as Twitter.

38.     In addition, on information and belief, in conjunction with the release of the
Album, the Defendants have created and are planning on selling merchandise, including but not
limited to t-shirts, featuring the Album cover and Two Rivers' image and likeness.  These items
are on pre-sale, with starting bids of $250.  Attached as Exhibit F is a true and correct copy of the
eBay posting entitled "Van Morrison *RARE* Signed CD/GOLD Vinyl Roll With the Punches -
Limited to 1000," available at https://www.ebay.com/i/253048939062?chn=ps&dispItem=1.

39.     Finally, Defendant Van Morrison is launching a promotional Album tour
beginning on September 10, 2017.  This tour will take Defendant Van Morrison throughout the
United States and the United Kingdom.  On information and belief, advertising and marketing
tools for the tour, as well as the tour itself, will feature the Album cover and Two Rivers.

40.     Defendants have engaged in a massive campaign to promote, advertise, and
sell the Album, thereby infringing Two Rivers' rights by using his image and likeness.

41.     Two Rivers was never approached by, nor did he authorize, Defendants to
use his image and likeness for any purpose, including advertisement, sponsorship, or endorsement
of the Album and Unauthorized Products.

## Irreparable Harm to Two Rivers

42.     As a direct consequence of Defendants' unauthorized conduct, Two Rivers has suffered significant injury and irreparable harm.

43.     Plaintiff has invested substantial effort in preserving, protecting, and honing his reputation, and has amassed substantial goodwill and a favorable reputation during his career. By misappropriating Plaintiff's image and likeness, Defendants have not only traded on Plaintiff's earned goodwill, but are also depriving the Defendant of the ability to control his reputation.

44.     If Defendants are not enjoined from misappropriating and continuing to disseminate Two Rivers' image and likeness, Two Rivers will continue to suffer irreparable harm.

45.     Because Two Rivers' reputation will be irreparably harmed if Defendants are not enjoined, money damages cannot sufficiently compensate Two Rivers for the damage caused by Defendants' unauthorized acts.

46.     In contrast, Defendants will not suffer any cognizable or irreparable injury if they are enjoined.

## COUNT I
## Right of Publicity

47.     Two Rivers incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 46 above.

48.     Defendants have engaged in the unlawful and unauthorized use of Two Rivers' image and likeness in connection with the promotion, advertisement, and sale of the Album and Unauthorized Products.  Two Rivers' right of publicity has been breached and violated because his image has been published, on the Album, on the Internet, and on merchandise, without his consent.

49.     As a result of Defendants' conduct, Plaintiff has suffered substantial harm, including but are not limited to:  (1) the emotional distress of having an image exploited without Plaintiff's consent; (2) Plaintiff's loss of the ability to control the dissemination of his image; and (3) Plaintiff's loss of the ability to control the association of his image.

50.     A causal connection exists between the publishing of Plaintiff's image and likeness by Defendants, and the damages suffered by Plaintiff.  The damages suffered by Plaintiff are the logical, direct, and immediate consequence of Defendants' actions.

51.     Unless Defendants are enjoined from continuing the aforementioned unlawful acts, Plaintiff will continue to suffer irreparable harm.

**COUNT II**
**Unfair Competition/False Endorsement Under the Lanham Act**
**(15 U.S.C. § 1125(a)(1)(A))**

52.     Two Rivers incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 51 above.

53.     Defendants have engaged in the unlawful and unauthorized use of Two Rivers' image and likeness in interstate commerce in connection with the promotion, advertising, and sale of the Album.  Defendants have conveyed the false and misleading representation to the public that Two Rivers (a) endorses, sponsors, and approves of the goods, products, and services associated with the Album and otherwise acquiesces in or agrees to the use of his image and likeness in connection with the Album and the Unauthorized Products; and (b) is affiliated with the Album and the Unauthorized Products.

54.     Defendants' conduct, as described above, was deliberate and willful, has created and will create a likelihood of confusion, mistake, and deception, as well as wrongly implied and misrepresented, that Two Rivers endorsed, sponsored, or otherwise was and is

affiliated with the Album, all to the commercial benefit of Defendants and the detriment of the Plaintiff.

55.     The Album and the Unauthorized Products use and misappropriate Two Rivers' exact likeness.

56.     Consumer confusion will occur if Defendants continue to use Two Rivers' image and likeness.

57.     Defendants intentionally or with reckless disregard adopted the use of and copied Two Rivers' image and likeness in order to exploit the goodwill and reputation of Two Rivers.  Defendants, sophisticated players in the music industry, deliberately chose the photograph depicting Two Rivers for their Album cover aptly named, "*Roll With the Punches*."

58.     Defendants' unauthorized use of Two Rivers' name, image, and likeness on and in connection with the Album and the Unauthorized Products in interstate commerce in the United States constitutes a false representation and endorsement as to affiliation, sponsorship, endorsement, license, or other authorization of Two Rivers with respect to his name and likeness, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

59.     As a result of Defendants' conduct, Plaintiff has suffered substantial harm.

60.     Unless Defendants are enjoined from continuing the aforementioned unlawful acts, Plaintiff will continue to suffer irreparable harm.

### COUNT III
### Common Law Unfair Competition

61.     Two Rivers incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 60 above.

62.    Defendants' unauthorized use of Two Rivers' image and likeness has allowed Defendants to falsely suggest to the public that the Album and the Unauthorized Products are sponsored by or otherwise affiliated with Two Rivers when, in fact, they are not.

63.    Defendants have engaged in such acts intentionally or with reckless disregard for whether the public is confused and deceived regarding the nature, approval, sponsorship, endorsement, and/or authorization by Two Rivers.

64.    Defendants' unauthorized use is likely to cause confusion, mistake, and deception among consumers.

65.    Defendants intentionally adopted the use of and copied Two Rivers' image and likeness in order to exploit the goodwill and reputation of Two Rivers.  Defendants, sophisticated players in the music industry, deliberately chose the photograph depicting Two Rivers for the Album cover.  The choice was not random or meaningless; instead, Defendants chose a wrestler for the aptly titled Album, "*Roll With the Punches*."

66.    Defendants' conduct constitutes unfair competition and was deliberate, willful, and intended to exploit unlawfully the goodwill and reputation associated with Two Rivers and his image and likeness, for the economic and commercial benefit of Defendants, and to the economic harm of Plaintiff.

67.    As a result of Defendants' conduct, Plaintiff has suffered substantial harm.

68.    Unless Defendants are enjoined from continuing the aforementioned unlawful acts, Plaintiff will continue to suffer irreparable harm.

**COUNT IV**
**Violation of N.Y. General Business Law Section § 349**

69.    Two Rivers incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 68 above.

70.     Defendants' unauthorized use of Two Rivers' image and likeness constitutes a deceptive trade practice in that it creates the false impression that Plaintiff has endorsed and/or is affiliated with the Album and the Unauthorized Products, thereby misleading the public in violation of the New York General Business Law § 349 *et seq*.

71.     Defendants acts and practices of improperly and unlawfully using Plaintiff's image and likeness in connection with the promotion, advertisement, and sale of the Album and the Unauthorized Products are consumer-oriented and are misleading in a material way to a reasonable consumer acting reasonably under the circumstances.

72.     As a result of Defendants' conduct, Plaintiff has suffered substantial harm.

## COUNT V
## Permanent Injunctive Relief

73.     Two Rivers incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 72 above.

74.     Defendants are and continue to engage in the unlawful conduct set forth in this Complaint.  Unless restrained and enjoined, Defendants will to continue to engage in such unlawful conduct.

75.     Defendants' unauthorized use of Two Rivers' image and likeness has caused Plaintiff irreparable injury.  Plaintiff has invested substantial effort in preserving, protecting, and honing his reputation, and has amassed substantial goodwill and a favorable reputation during his career.  By misappropriating Plaintiff's image and likeness, Defendants have not only traded on Plaintiff's earned goodwill, but are also depriving the Defendant of the ability to control his reputation.

76.     Plaintiff has no adequate remedy at law, rendering equitable relief appropriate in that damages cannot compensate Plaintiff for the injuries he suffered.

77.     In balancing the hardships between Plaintiff and Defendants, a remedy in equity is warranted.

78.     Furthermore, because the public has an interest in not being deceived, the public interest would be served by a permanent injunction restraining Defendants' unauthorized use of Two Rivers' image and likeness in connection with the Album and Unauthorized Products.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Billy Two Rivers demands judgment against the Defendants as follows:

(1)     Adjudging that Defendants violated Plaintiff's right of publicity;

(2)     Adjudging that Defendants made the false and misleading representation to the public that Two Rivers (a) endorses, sponsors, and approves of the goods, products, and services associated with the Album and otherwise acquiesces in or agrees to the use of his image and likeness in connection with the Album and the Unauthorized Products; and (b) is affiliated with the Album and the Unauthorized Products, in violation of the Lanham Act, 15 U.S.C. § 1125(a);

(3)     Adjudging that Defendants engaged in unfair competition by misappropriating Two Rivers' image and likeness in conjunction with the Album and the Unauthorized Products;

(4)     Adjudging that Defendants unauthorized use of Two Rivers' image and likeness constitutes a deceptive trade practice in accordance with New York General Business Law § 349 *et seq.*;

(5)      Preliminarily and permanently enjoining Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, from using, disclosing, disseminating, posting, displaying, sharing, distributing, copying, advertising, or selling, in any manner whatsoever, (i) all copies of the Album and Unauthorized Products; and (ii) all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from Plaintiff's image and likeness;

(6)      Preliminarily and permanently ordering Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, to immediately and permanently dispose of:  (i) all copies of the Album and the Unauthorized Products; and (ii) all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from Plaintiff's image and likeness;

(7)      Preliminarily ordering Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, to turn over to the Court any proceeds that Defendants have received as a result of their misappropriation and use of Plaintiff's image and likeness, such proceeds to be held in constructive trust until the conclusion of this litigation;

(8)      Awarding Two Rivers damages in connection with Counts I, III, and IV in an amount to be determined at trial;

(9)      Awarding Two Rivers damages in accordance with 15 U.S.C. § 1117 (Lanham Act);

(10)      Awarding Two Rivers attorneys' fees, costs, and disbursements pursuant to 15 U.S.C. § 1117 (Lanham Act);

(11)      Punitive and exemplary damages in an amount to be determined at trial;

(12)    Pre-judgment and post-judgment interest;

(13)    Awarding all such other and further relief as the Court deems just and

proper under the circumstances.

New York, New York
July 27, 2017

Respectfully submitted,

CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP

By:

Michael R. Graif (MG 4795)
Eliot Lauer (EL 1559)
Nicole M. Mazanitis (NM 1983)
Thi H. Ho (TH 1030)
101 Park Avenue
New York, New York 10178
(212) 696-6000

*Attorneys for Plaintiff Billy Two Rivers*